IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEFFERY H. BURRIS, )
)
    Plaintiff, )
) No. 3:14-cv-01546
v. ) Senior Judge Haynes
)
BRIDGESTONE AMERICAS TIRE, )
OPERATIONS, LLC, et al. )
)
    Defendants. )

# ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 33) recommending that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 23) be denied and that Defendants' motion for judgment on the administrative record (Docket Entry No. 25) be granted.

Plaintiff filed his objections (Docket Entry No. 34), contending: (1) that the Magistrate Judge did not apply the correct standard of review and (2) that the Magistrate Judge erred by finding that a psychological or mental disability does not equate to a disability under Defendants' ERISA plan. Defendants have filed a response. (Docket Entry No. 39).

Plaintiff filed his claim under the Employee Retirement Income Security Act ("ERISA") for denial of disability retirement benefits. The denial of ERISA benefits is subject to a "de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Here, discretion was granted and the arbitrary and capricious standard was applies.

Plaintiff argues that Defendants' decision was subject to a heightened standard of review

because the plan administrator and the insurer are the same entity. Yet, such a conflict does not change the standard of review. Rather, it is a "factor in determining whether there is an abuse of discretion." Gismondi v. United Technologies Corp., 408 F.3d 295, 299 (6th Cir. 2005) (quoting Firestone Tire, 489 U.S. at 115). "This conflict of interest does not displace the arbitrary and capricious standard of review; rather, it is a factor that we must consider when determining whether the administrator's decision to deny benefits was arbitrary and capricious." Evans v. UnumProvident Corp., 434 F.3d 866, 876 (6th Cir. 2006). The Magistrate Judge considered this conflict, but concluded that Defendants' actions were not arbitrary and capricious. The Court agrees with the Magistrate Judge's conclusion.

Specifically, Plaintiff contends that because he also had a pending worker's compensation claim, Defendants were unable to make a fair determination regarding Plaintiff's ERISA retirement claim. Defendants assert that its Pension Board is separate from its worker's compensation board, and Plaintiff has not shown this to be incorrect. The Court agrees with the Magistrate Judge's conclusion that the administrative record does not support Plaintiff's contention that the plan administrator abused its discretion because of a conflict of interest.

Next, Plaintiff argues that the Magistrate Judge should have determined that Plaintiff's psychological and mental disability renders him disabled under the terms of Defendants' ERISA Plan. The language of the Plan states, in pertinent part, that an employee must have been "totally disabled by bodily injury or disease so as to be prevented thereby from being physically able to perform the work of any classification in the local plant." (Docket Entry No. 21, Administrative Record, at 1). As the Supreme Court stated, "employers have large leeway to design disability and other welfare plans as they see fit." Black & Decker Disability Plan v. Nord, 538 U.S. 822,

833 (2003). Further, "the validity of a claim to benefits under an ERISA plan is likely to turn on the interpretation of terms in the plan at issue." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).

Plaintiff asserts that two of his treating providers and the doctor retained by Defendants concluded that he was physically unable to work. The first, Ms. Beasley, specifically wrote that she "is not a medical doctor and cannot speak to physical restrictions." (Docket Entry No. 21 at 50). The second, Dr. Murphy, treated Plaintiff for post traumatic stress disorder and major depression and does not express an opinion on Plaintiff's physical ability to return to work. Id. at 48. Finally, Dr. Draud, the doctor retained by Defendants, stated that "if you were searching for some restriction to place ... maybe you would say [Plaintiff] couldn't work [at the same plant]." Id. at 16-17. None of these opinions supports Plaintiff's assertion. The Court concludes that Defendants' decision was not arbitrary or capricious.

Upon de novo review of the Report and Recommendation and Plaintiff's objections, the Court **ADOPTS** the Report and Recommendation, and this action is **DISMISSED** with prejudice.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 21st day of September, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge